# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE KEN LUSBY CLERKS & LUMBER HANDLERS PENSION FUND,<br><br>        Plaintiff,<br><br>    vs.<br><br>PIEDMONT LUMBER & MILL COMPANY; WILLIAM C. MYER, JR., an individual; WENDY M. OLIVER, an individual; WENDY M. OLIVER, as Trustee to the Oliver Family Trust; and DOES 1-20,<br><br>        Defendants. | Case No.: 13-cv-03898-VC<br><br>(Previously Assigned to Hon. William H. Alsup; Reassigned to Hon. Vince Chhabria on April 17, 2014)<br><br>**[PROPOSED] ORDER RE APRIL 8, 2014 DISCOVERY HEARING AS MODIFIED** |

On April 8, 2014, Clarissa A. Kang and Sean T. Strauss of Trucker Huss APC, counsel for Plaintiff Board of Trustees of the Ken Lusby Clerks & Lumber Handlers Pension Fund ("Plaintiff") and Cynthia J. Emry of Jackson Lewis, P.C., counsel for Defendants Piedmont Lumber & Mill Company ("Piedmont"), William C. Myer, Jr. ("Myer") and Wendy M. Oliver, as an individual and as trustee to the Oliver Family Trust ("Oliver", collectively with Piedmont and Myer, "Defendants") (Plaintiff and Defendants are collectively referred to as the "Parties") appeared before the Honorable William H. Alsup to address discovery issues set forth in Plaintiff's Discovery Letter brief filed with the Court on March 26, 2014 [Docket No. 38] and in Defendants' response thereto filed on April 4, 2014 [Docket No. 41] (the "Discovery Hearing"). Prior to the Discovery Hearing, counsel for the Parties met and conferred in the Court's jury room regarding certain discovery issues addressed in Plaintiff's Discovery Letter [Docket No. 38] and Defendants' response thereto [Docket No. 41], and made agreements as to

certain issues addressed in Plaintiff's Discovery Letter [Docket No. 38] and Defendants' response thereto [Docket No. 41], including the time frame for discovery of information related to the Lakeport properties (2465 S. Main Street, Lakeport; 2345 S. Main Street, Lakeport), which were at issue in Plaintiff's discovery requests referenced in its Discovery Letter [Docket No. 38]. This Order involves the remaining issues resolved by the Court, as set forth in the transcript from the Discovery Hearing, attached hereto as Exhibit "A".

This Court, [having heard the Parties' positions at the Discovery Hearing and] good cause having been found, **HEREBY ORDERS** as follows:

1. Defendants shall produce documents responsive to the discovery requests at issue in the Plaintiff's Discovery Letter [Docket No. 38] related to the Pittsburg, Walnut Creek and Oakland properties going back to January 1, 2010.

2. ***CHECK ONE:***

***PLAINTIFF'S PROPOSED LANGUAGE:***

*XX   The Court overrules Defendants' objections to the production of tax returns. Defendants William Myer, Jr. and Wendy Oliver shall produce their tax returns in response to Nos. 18-22 of the Second Set of Requests for Production of Documents referenced in Plaintiff's Discovery Letter [Docket No. 38].*

~~***DEFENDANT'S PROPOSED LANGUAGE:***~~

~~*_____ The Court overrules Defendants' objections to the production of tax returns in response to Requests Nos. 18-22 of the Second Set of Requests for Production of Documents, as set forth in Defendants' response to Plaintiff's Discovery Letter [Docket No. 41]. Defendants William Myer, Jr. and Wendy Oliver shall produce their tax returns to the extent responsive to Request Nos. 18-22 of the Second Set of Requests for Production of Documents referenced in Plaintiff's Discovery Letter [Docket No. 38] going back to January 1, 2010 for the Pittsburg, Walnut Creek and Oakland properties.*~~

3. For every single entity that is investigated and regarding which documents are produced, if Plaintiff loses on that entity or that alleged business, Plaintiff shall bear the costs relating to Defendants' efforts to locate and produce documents related to any such entity or alleged business, including reasonable attorney's fees and clerical costs.

4. If Plaintiff requests documents responsive to the discovery requests at issue in Plaintiff's Discovery Letter [Docket No. 38], that pre-date January 1, 2010, be produced by Defendants, Plaintiff shall bear the costs associated with such a production, including Defendants' reasonable attorney's fees and clerical costs.

5. To the extent that Defendants request attorney's fees relating to any aspect of this Order, Defendants must move the Court, such request must be reasonable, and any award is within the Court's discretion.

6. The Court's Order does not modify the Parties' prior agreement related to the time frame for relevant discovery related to the Lakeport properties, which were at issue in the Plaintiff's discovery requests referenced in its Discovery Letter [Docket No. 38].

**IT IS SO ORDERED.**

Dated: April 29, 2014

JUDGE OF THE UNITED STATES DISTRICT COURT

*IT IS SO ORDERED AS MODIFIED*
*Judge Vince Chhabria*