UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE KEN LUSBY CLERKS & LUMBER HANDLERS PENSION FUND,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PIEDMONT LUMBER & MILL COMPANY, et al.,<br><br>　　　　Defendants. | Case No. 13-cv-03898-VC<br><br>**ORDER GRANTING LEAVE TO AMEND**<br><br>Re: Dkt. No. 42 |

On January 8, 2014, the Court entered a scheduling order setting March 10, 2014 as the deadline for pleading amendments. (Docket No. 33). On April 7, 2014, Plaintiff filed a motion requesting a modification of that deadline and leave to amend its complaint. (Docket No. 42). Plaintiff's motion is GRANTED.

Plaintiff has established "good cause" for modifying the scheduling order, because, despite its diligence, Plaintiff could not reasonably comply with the deadline for pleading amendments. *See* Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). Plaintiff did not discover the documents upon which its proposed amendments rely until early April 2014, when it conducted an independent search for public records pertaining to the Lakeport Property. (King Decl. ¶ 5). These documents arguably should have been produced by Defendants much earlier, but due to ongoing discovery disputes, Defendants did not—and, indeed, still have not—produced them. (*See* Strauss Decl. ¶ 18). Once it discovered the documents, Plaintiff promptly requested the scheduling order be modified.

Although Defendants contend that permitting Plaintiff to amend its complaint at this stage would "severely prejudice" them (Opp'n 9), they do not identify a specific way in which that is so. Plaintiff does not propose to add new claims or new parties. Rather, it seeks to add factual allegations about the Lakeport Property—a property that was already identified in the First Amended Complaint. To the extent these allegations alter Plaintiff's theory of recovery (*see*

Opp'n 8), there remains ample time for Defendants to conduct any discovery necessary to address this change.  (*See* Docket No. 33 (setting June 30, 2014 as the deadline for fact discovery)). "Absent prejudice, or a strong showing of any" other reason to deny leave to amend, "there exists a presumption under [Federal Rule of Civil Procedure] 15(a) in favor of" permitting amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003) (emphasis omitted). Defendants have made no such showing.  Accordingly, Plaintiff's motion for leave to amend is GRANTED.

Plaintiff is ORDERED to file its Second Amended Complaint by **May 29, 2014**.

**IT IS SO ORDERED.**

Dated: May 15, 2014

_____
VINCE CHHABRIA
United States District Judge