United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BOARD OF TRUSTEES OF THE KEN LUSBY CLERKS & LUMBER HANDLERS PENSION FUND,

Plaintiff,

v.

PIEDMONT LUMBER & MILL COMPANY, et al.,

Defendants.

Case No. 13-cv-03898-HSG

**ORDER REGARDING ADMINISTRATIVE MOTION TO SEAL**

Re: Dkt. No. 94

On March 18, 2015, Plaintiff Board of Trustees of the Ken Lusby Clerks & Lumber Handlers Pension Fund filed an administrative motion seeking permission to publicly file fifteen documents designated as confidential by the defendants in this action. *See* Dkt. No. 94. The parties actively participating in the litigation agree that fourteen of the fifteen documents should not be sealed. Exhibits A through O attached to the Declaration of Sean T. Strauss (the "Strauss Declaration") are the subject of Plaintiff's administrative motion solely because: (1) William Myers has not responded to Plaintiff's request to remove his confidentiality designation as to those documents; and (2) Piedmont Lumber & Mill Company is unrepresented at this time and thus cannot consent to removing its designations. *Id*. at 3.

The only contested issue arising from Plaintiff's administrative motion is whether the expert report of Lawrence Wood (the "Wood Report" or "Exhibit P"), which contains detailed analysis of the defendants' financial investments and tax returns, should be sealed. The Court has read and considered the arguments and evidence offered by the parties, both in their written submissions to the Court and during the Case Management Conference held on this matter on March 24, 2015. For the foregoing reasons, the Court **DENIES** Plaintiff's administrative motion to seal as to Exhibits A through O of the Strauss Declaration (*i.e.*, those exhibits may be filed on

the public docket) and orders the parties to meet and confer as to the information contained in the Wood Report as directed by this Order.

**I. LEGAL STANDARD**

"Two standards generally govern motions to seal documents . . . . First, a 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7). "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, the party seeking to seal a judicial record must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id*. at 1178-79 (internal citations, quotation marks, and alterations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*.

The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base it decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. at 1179. Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . . The

United States District Court
Northern District of California

request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

The second standard is a "good cause" standard. It applies to "private materials unearthed during discovery, as such documents are not part of the judicial record." *Pintos,* 605 F.3d at 678 (internal citation omitted). For such materials, "Rule 26(c) of the Federal Rules of Civil Procedure governs [ ], providing that a trial court may grant a protective order 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* This "good cause" standard presents a lower burden for the party wishing to seal documents than the "compelling reasons" standard, because "[t]he cognizable public interest in judicial records that underlies the 'compelling reasons' standard does not exist for documents produced between private litigants." *Id.*

## II. DISCUSSION

### A. Documents Designated as Confidential by William Myers and Piedmont Lumber & Mill Company

Under Local Rule 79-5(e)(1), a party designating a document as confidential must submit a declaration supporting that designation within four days of the filing of an administrative motion to file under seal. That four-day period elapsed without any defendant submitting a declaration supporting the confidential designation of the first fourteen documents attached to the Strauss Declaration. Nevertheless, the Court independently reviewed those documents and determined that they do not contain the type of confidential or proprietary information that could be used as a "'vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179. Instead, they appear to largely consist of routine commercial agreements and communications related to the properties that are the subject of this action.

Accordingly, this Court **DENIES** the administrative motion to seal as to Exhibits A through O of the Strauss Declaration. Those documents may be filed in the public record.[1]

[1] When a designating party does not file a supporting declaration as required by Local Rule 79-5(e)(1), Local Rule 79-5(e)(2) requires the party submitting those documents to file them in the public record no later than 10 days after the motion is denied. The Court finds good cause to delay public docketing given that the motion for summary judgment to which these documents are relevant has not yet been filed. Plaintiff must file the fourteen documents subject to Local Rule 79-5(e)(2) on the public docket no later than May 7, 2015.

United States District Court
Northern District of California

**B. The Expert Report of Lawrence Wood**

The only contested issue raised by Plaintiff's motion is the status of Exhibit P, the Wood Report. On March 23, 2014, Wendy Oliver filed a response to Plaintiff's administrative motion, arguing that the Wood Report should be sealed in its entirety because it "includes private and confidential information from nine years [of her] tax returns, including information about her personal investments, deductions, income, and other private information." Dkt. No. 95 at 1. Ms. Oliver further argues that public policy, California's constitutional right to privacy, and federal law support filing the tax-return information under seal. *See id.* at 1-3.

For its part, Plaintiff argues that the financial information related to the properties at issue in this case is directly relevant to the legal issues to be decided in connection with its forthcoming motion for summary judgment. *See* Dkt. No. 94 at 4. Plaintiff represents that the rental income received and the tax deductions taken by defendants in connection with those properties informs whether defendants' "commercial rental operations" constitute a trade or business under 29 U.S.C. § 1301(b)(1). *See id*. at 4-5. Ms. Oliver does not dispute that this information is directly relevant to Plaintiff's anticipated motion for summary judgment.

The Court largely agrees with Plaintiff. The financial income received and the tax deductions taken by defendants in connection with the properties at issue in this case appear to be directly relevant to the dispositive motion to be filed by Plaintiff. Moreover, the cases cited by Ms. Oliver regarding the California tax return privilege discuss whether such returns are subject to compelled *production*, but here the returns already have been produced.

However, some sections of the Wood Report appear to disclose Ms. Oliver's personal financial information unrelated to the properties at issue. For example, on page 14 of the Report, Mr. Wood has excerpted a full page image of Ms. Oliver's Form 1040 from the year 2010. In addition, the Wood Report occasionally compares property-related income received by Ms. Oliver to the income she received from unrelated sources. Plaintiff has made no showing that the discussion of Ms. Oliver's income from unrelated sources is relevant to the issues to be decided on summary judgment. Accordingly, the Court would likely seal this information under the more

lenient "good cause" standard. *See G&C Auto Body Inc. v. Geico Gen. Ins. Co.*, 2008 WL 687372, at *2 (N.D. Cal. Mar. 11, 2008) (citations omitted); *see also United States v. Snyder*, 187 F. Supp. 2d 52, 62-63 (N.D.N.Y. 2002) ("[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access . . . . [T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document.").

In essence, the Court believes the Wood Report contains both sealable and non-sealable material. But in the first instance, it is the responsibility of the parties, not the Court, to do the detailed parsing and provide specific, targeted justification for any proposed sealing on a line-by-line basis. *See* Local Rule 79-5(b).

To avoid the need to redact the Wood Report on a line-by-line basis, the Court directs the parties to meet and confer regarding a stipulation as to those facts that are directly relevant to the issues to be decided on summary judgment, without revealing overly-specific details about the defendants' tax returns. Based on the Court's review of the relevant legal standard, a list of the property-related income received and deductions taken by the defendants in each year of the relevant time period should suffice. The parties are strongly encouraged to resolve this issue without further involvement from the Court. However, if the parties are unable to reach an agreement by Tuesday, April 7, 2015, they shall file a notice to that effect and the Court will set a case management conference.

**IT IS SO ORDERED.**

Dated: April 2, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge