UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE KEN LUSBY CLERKS & LUMBER HANDLERS PENSION FUND,<br><br>Plaintiff,<br><br>v.<br><br>PIEDMONT LUMBER & MILL COMPANY, et al.,<br><br>Defendants. | Case No. 13-cv-03898-HSG<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. No. 151 |

On August 22, 2013, Plaintiff Board of Trustees of the Ken Lusby Clerks & Lumber Handlers Pension Fund filed suit against Piedmont Lumber & Mill Company ("Piedmont Lumber"), William C. Myer, Jr. ("Myer"), and Wendy M. Oliver ("Oliver"), collectively Defendants, seeking payment of withdrawal liability in the amount of $1,660,266.00. Dkt. No. 1, ¶ 33. On September 16, 2015, the Court granted summary judgment on all claims against Defendants. Dkt. No. 125. Pending before the Court is Plaintiff's unopposed motion for attorneys' fees and costs. Dkt. No. 151 ("Motion").[1]

**I.   *HUMMELL* FACTORS**

Section 502(g)(1) of ERISA gives the court discretion to award attorneys' fees. 29 U.S.C. § 1132(g)(1). The Supreme Court has held that a fee claimant may be entitled to attorneys' fees if

---

[1] Although the attorneys' fees motion was originally filed against all Defendants, Plaintiff settled with Defendant Oliver after the fee motion was filed. Accordingly this motion and the resulting award of attorneys' fees are against remaining Defendants Piedmont Lumber and Myer. *See Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1075 (N.D. Cal. 2010) ("Under both federal and California law, liability among defendants for a successful plaintiff's attorney fees is generally joint and several."). Because the settlement with Oliver "contains no apportionment of the settlement payment for any portion of attorney's fees," Dkt. No. 167 at 2; Dkt. No. 168, Ex. A, the Court finds that there is no need to offset the grant of attorneys' fees among the settling and non-settling Defendants. *See Corder v. Brown*, 25 F.3d 833, 839 (9th Cir. 1994).

the claimant shows "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010). In exercising its discretion, the Court must consider these factors:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Hummell v. S. E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980). "No one of the *Hummell* factors, however, is necessarily decisive, and some may not be pertinent in a given case." *Carpenters S. Cal. Admin. Corp. v. Russell*, 726 F.2d 1410, 1416 (9th Cir. 1984).

The Ninth Circuit has held that where "the plaintiffs prevailed completely on the sole issue in question, received the entire relief sought, and resolved a significant legal question," it is not necessary for the district court to engage in a specific discussion of the *Hummell* factors. *Nelson v. EG & G Energy Measurements Grp., Inc.*, 37 F.3d 1384, 1392 (9th Cir. 1994); *Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1164 (9th Cir. 2001). Here, Plaintiff prevailed completely on the issue in question at summary judgment, receiving the exact relief sought. Accordingly, the Court does not engage in a specific discussion of the enumerated factors.

## II.   AMOUNT OF ATTORNEYS' FEES

The Court turns to the reasonableness of the amount of attorneys' fees sought. Plaintiff seeks $454,791.50 in attorneys' fees.

In ERISA cases, courts use the "lodestar" method to calculate attorneys' fees. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). "First, a court determines the 'lodestar' amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Id*. The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In determining the appropriate lodestar amount, the district court may exclude from the fee request any hours that are "excessive, redundant, or otherwise unnecessary." *Id.* at 434. In addition to setting the number of hours, the

court must also determine a reasonable hourly rate, "considering the experience, skill, and reputation of the attorney requesting fees." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).  Second, after determining the lodestar fee, the court must decide whether to adjust that fee upward or downward based on any facts that escaped consideration in the initial lodestar calculation.  *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007). This second-step adjustment is appropriate in only "rare and exceptional cases" when supported by "specific evidence" and "detailed findings."  *Id.*; *Van Gerwen*, 214 F.3d at 1045.

        The first issue is whether the requested hourly rates are reasonable.  "A reasonable hourly rate is that prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation."  *Crosthwaite v. Legg Inc.*, No. C 13-01065 JSW, 2014 WL 1647525, at *8 (N.D. Cal. Apr. 17, 2014), amended, No. C 13-01065 JSW, 2014 WL 1618576 (N.D. Cal. Apr. 21, 2014) (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)).  "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits."  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).  "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in one with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Oster v. Standard Ins. Co.*, 768 F. Supp. 2d 1026, 1034 (N.D. Cal. 2011).  "Decisions by other courts regarding the reasonableness of the rate sought may also provide evidence to support a finding of reasonableness."  *Pension Trust Fund for Operating Engineers v. Kickin Enterprises*, No. C-11-03685 JCS, 2012 WL 6711557, at *8 (N.D. Cal. Dec. 20, 2012).

        In this case, the hourly billing rates are $235 to $370 for junior and senior associates and $400 for directors.  Dkt. No. 152, ¶ 9.  Having reviewed the qualifications and experience of the attorneys, the Court finds that these billing rates are reasonable, based on a comparison with the requested rates and those awarded in other ERISA cases in the Northern District of California. *See Welch*, 480 F.3d at 947 (rates ranging from $375 to $400 per hour is in line with the prevailing market rate for ERISA lawyers); *Oster*, 768 F. Supp. 2d at 1035 (rates of $600 for partner and $400 for associates were reasonable); *White v. Coblentz, Patch & Bass LLP Long Term Disability*

3

*Ins. Plan*, No. C 10-1855 BZ, 2011 WL 5183854, at *3 (N.D. Cal. Oct. 31, 2011) (awarding attorney with thirty-one years of litigation experience $600 per hour in contested ERISA action); *Caplan v. CNA Fin. Corp.*, 573 F. Supp. 2d 1244, 1249 (N.D. Cal. 2008) (approving a $350 rate for a sixth-year associate and a $330 rate for a fourth-year associate).

      The billing rates for paralegals Sonya Gordon and Shannon Oliver are $275 and $175, respectively. Although the Court finds that a rate of $175 is reasonable, it cannot say the same for paralegal Gordon's rate. *See Pension Plan v. Yubacon Inc*, No. C-12-04738 DMR, 2014 WL 5280759, at *6 (N.D. Cal. Oct. 14, 2014)(finding rate of $115 for paralegal reasonable); *Oster*, 768 F. Supp. 2d at 1035 (approving hourly rate of $150 for a paralegal); *Pension Plan for Pension Trust Fund for Operating Engineers v. J & K Sweeping*, No. C 14-1179 CW, 2014 WL 4626008, at *8 (N.D. Cal. Sept. 15, 2014) (approving rate of $120 for paralegal); *Gurasich v. IBM Ret. Plan*, No. 14-CV-02911-DMR, 2016 WL 3683044, at *8 (N.D. Cal. July 12, 2016) (concluding rate of $180 per hour for senior paralegals was reasonable). Plaintiff has provided no support for the reasonableness of a $275 hourly rate; accordingly, the Court reduces the hourly rate for paralegal Gordon to $175.

      The second issue in the lodestar analysis is whether the requested number of hours is reasonable. A total of 1292.75 hours were expended in the case. The Court finds that the number of hours was reasonable given the length of the case, the complexity of the legal issues presented, and Defense counsel's unreasonable approach to discovery. *See* Motion at 8; Dkt. No. 70 at 7 (Magistrate Judge Corley noting that counsel's "quibbling over straightforward discovery requests" was a waste of the Court and parties' time); *see generally Auto. Indus. Pension Trust Fund v. Tractor Equip. Sales, Inc.*, 73 F. Supp. 3d 1173, 1184 (N.D. Cal. 2014) (noting the question of what constitutes a "business or trade" is a legally contentious and factually demanding inquiry). Over the course of twenty five months, Plaintiff (1) investigated, drafted, and filed a complaint, first amended complaint, and second amended complaint, (2) prepared for and attended an Early Neutral Evaluation session; (3) drafted, revised and directed service of a variety of written discovery on both Defendants and numerous third parties; (4) engaged in significant and extensive meet and confer communications regarding deficiencies in Defendants' various discovery responses, (5) filed multiple motions to compel further discovery responses, (6) drafted

and filed a motion for leave to file the SAC; (7) prepared for and completed five non-party depositions and two party depositions, (8) prepared for and completed a private mediation, (9) engaged and educated an expert witness to assess the substantial financial benefits received by Oliver and Myer from Piedmont, and (10) drafted and filed the Board's motion for summary judgment and associated documents. Dkt. No. 152, ¶ 23. Having reviewed the hours expended and the documentation provided, the Court finds that the hours were reasonable.

Accordingly, after adjusting the hourly rate for paralegal Gordon, the Court awards attorneys' fees in the amount of $454,144, finding no basis to further adjust the fee upward or downward under *Welch*.

### III.   EXPENSES

The Court is required to award reasonable costs. 29 U.S.C. §§ 1451(b), 1132(g)(2). The Ninth Circuit has held that litigation expenses are recoverable as part of "attorney's fees" as long as "separate billing for such expenses is 'the prevailing practice in the local community.'" *Trustees of Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1259 (9th Cir. 2006).

Plaintiff seeks recovery of $74,305.28 in costs for litigation-related expenses, including deposition-related fees, filing fees, legal research, PACER, expert witness, electronic document management for discovery database, messenger fees, copying, conference calls, and expert witnesses. Dkt. No. 152, Ex. F. The Court finds that the requested expenses are reasonable and recoverable, except for the expert witness fees, which are not compensable in an ERISA case. *See Downey Cmty. Hosp. v. Wilson*, 977 F.2d 470, 474 (9th Cir. 1992); *Redland*, 460 F.3d at 1258 ("[R]easonable attorney's fees do not include costs that, like expert fees, have by tradition and statute been treated as a category of expenses distinct from attorney's fees" (citation omitted)); *Vasquez v. Cargill, Inc.*, No. SACV0600008CJCRNBX, 2008 WL 7825955, at *5 (C.D. Cal. Mar. 13, 2008) ("Non-court appointed expert witness costs are not authorized under these statutes, and are therefore not chargeable in ERISA actions."); *W. Virginia Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 102 (1991), superseded by statute in *Landgraf v. USI Film Products*, 511 U.S. 244 (1994). Here, Plaintiff seeks $50,643.75 in expert witness expenses, which the Court deducts from the requested expenses.

## IV. CONCLUSION

Plaintiff's motion is GRANTED as against Defendant Piedmont and Defendant Myer, subject to the following limitation regarding Defendant Myer: as to Defendant Myer only, this Order and the Judgment entered on September 16, 2016 in this matter (as amended pursuant to this Order) are subject to and discharged by the Chapter 7 discharge entered on December 22, 2015, in case number 15-27322 in the United States Bankruptcy Court for the Eastern District of California (the "Myer Bankruptcy Case"). This Order and the Judgment (as amended by this Order) may be used to document the amount of, and otherwise assert, Plaintiff's claim in the Myer Bankruptcy Case, but may not be asserted or enforced against Defendant Myer personally.

Pursuant to § 1132(g)(2), Plaintiff is awarded professional fees of $454,144.00 and costs of $23,661.53. The Judgment entered on September 16, 2015, Dkt. No. 126, shall be deemed amended to incorporate these additional amounts as to Defendant Piedmont Lumber & Mill Company and Defendant Myer.

**IT IS SO ORDERED.**

Dated: 8/24/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge